UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER A. KINAS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:17-CV-165 RLM |
| | ) |
| ANDREW SAUL, COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Jennifer A. Kinas brought this action for judicial review after the Commissioner of Social Security denied her application for disability insurance benefits. This court reversed and remanded the claim for further proceedings. Ms. Kinas ultimately prevailed and was awarded $52,476.00 in past-due benefits. The Social Security Administration withheld $13,119.00, or 25 percent for attorney's fees. Attorney Jennifer Fisher's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is before the court. For the following reasons, the court grants her motion.

An attorney who has successfully represented a claimant in federal court can receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The combination of fees awarded under Sections 406(a) and 406(b) can't exceed twenty-five percent of the past-due benefits awarded,

Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004), and while fees can be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796; *see also* Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) ("[I]f the award received under the EAJA . . . is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.").

Ms. Fisher asks the court to authorize attorney fees in the amount of $5,576.50, which represents the difference between her twenty-five percent contingent fee agreement with Ms. Kinas ($13,119.00) and the amount previously received by Ms. Fisher pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412. The amount is within the parameters of § 406(b) and the contingent fee agreement between Ms. Kinas and Ms. Fisher.

Ms. Kinas and Ms. Fisher agreed to a contingent attorney fee of twenty five percent. Although $5,576.50 is roughly eleven percent of Ms. Kinas benefit award, the court must determine whether the attorney fees yielded by that agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 809. Ms. Fisher has practiced in the area of Social Security disability law for some 18 years. $13,119.00, the sum of requested attorney fees including the EAJA award, equates to an effective rate of $274.46 per hour ($13,119.00/47.80), and is reasonable in light of the result achieved in this case and the contingent nature

of the recovery. Without the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation. *See* McGuire v. Sullivan, 873 F.2d 974, 980 (7th Cir. 1989) (internal citations omitted). The government hasn't objected to the amount of fees Ms. Fisher is requesting.

For the foregoing reasons, the court GRANTS the motion for an award of attorney's fees under 42 U.S.C. § 406(b) [Doc. No. 24] and AWARDS fees to plaintiff's attorney Jennifer L. Fisher in the amount of $5,576.50, to be paid directly to the Law Office of Jennifer L Fisher, 1110 Alston St, PO Box 411, Marysville, KS 66508.

SO ORDERED.

ENTERED:   September 18, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court